**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

YONGZHI ZHANG,

Petitioner,

v. No. 2:26-cv-01055-MLG-SCY

DORA CASTRO, in her official capacity
as Acting Warden of Otero County
Detention Center, et al.

Respondents.

**ORDER DENYING VERIFIED PETITION FOR WRIT OF HABEAS CORPUS**

This matter is before the Court on Petitioner Yongzhi Zhang's Verified Emergency Petition for Writ of Habeas Corpus on Behalf of Petitioner Pursuant to 28 U.S.C. § 2241 ("Petition"). Doc. 1. Zhang is a citizen of the People's Republic of China who entered the United States without inspection in 2024. Doc. 1 at 2. He was detained at a routine check-in in November 2025, and an Immigration Judge ("IJ") denied his applications for asylum and withholding of removal and found him inadmissible pursuant to Immigration and Nationality Act ("INA") 212(a)(6)(A)(i). Doc. 1-7 at 2. Zhang timely appealed to the Board of Immigration Appeals, which remains pending. Doc. 1 at 9, Doc. 1-8. In the interim, Zhang filed this Petition; the Court granted him relief in the form of a bond hearing. Doc. 8. Thereafter, an IJ held individualized bond hearing for Zhang and denied bond, finding that he was a flight risk. Doc. 10 at 1. Zhang filed an Emergency Motion to Enforce Judgment and For Further Habeas Relief, seeking immediate release. Doc. 9 at 3.

This Court may not lawfully review an IJ's finding that a person is a flight risk or a danger to the community. *See* 8 U.S.C. § 1226(e) ("The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review.). The Court's jurisdiction

over bond-eligibility determinations is limited to constitutional challenges to the "extent of the Government's detention authority under the [INA's] 'statutory framework' as a whole." *Jennings v. Rodriguez*, 583 U.S. 281, 295-96 (2018). In all other instances, the proper means for challenging an IJ's determination of bond ineligibility is by an appeal to the BIA. *See* 8 C.F.R. § 1236.1(d)(3).

Here, the IJ has made a discretionary determination that Zhang is a flight risk. The Court therefore has no legal authority to grant the relief requested, and it lacks jurisdiction to intervene. Accordingly, given the facts and legal arguments presented, the Court must deny Zhang's Petition for Writ of Habeas Corpus.

It is so ordered.

UNITED STATES DISTRICT JUDGE
MATTHEW L. GARCIA